# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION
www.flmb.uscourts.gov

In re:   Case No. 2:24-bk-00007-FMD
         Chapter 13

Leisa Maureen Sahagian

    Debtor.
_____/

## TRUSTEE'S UNFAVORABLE RECOMMENDATION
## AND OBJECTIONS TO CONFIRMATION OF THE PLAN

TO: Clerk, United States Bankruptcy Court

1. The Debtor's Petition for Relief to Chapter 13 was filed on January 2, 2024.

2. <u>Trustee's Recommendation to the Court</u>. The Trustee cannot recommend confirmation of the Chapter 13 Plan at this time for the following reason(s):

3. It does not appear that the Debtor has dedicated all disposable income to the proposed Plan as required by 11 U.S.C. §1325(b)(1)(B).

    a. The Trustee hereby requests/has requested the following additional documents pursuant to the District-wide Administrative Order Prescribing Procedures for Chapter 13 Cases, to determine if the Debtor has dedicated all disposable income to the Plan:

        income tax return for 2023

    b. Pursuant to the District-wide Administrative Order Prescribing Procedures for Chapter 13 Cases, Debtor shall timely file all tax returns and make all tax payments and deposits when due. (However, if Debtor is not required to file tax returns, Debtor shall provide Trustee with a statement to that effect.) For each tax return that becomes due after the case is filed, Debtor shall provide a complete copy of the tax return, including business returns if Debtor owns a business, together with all related W-2's and Form 1099's to the Trustee within 14 days of filing the return. Unless otherwise consented to by the Trustee or ordered by the Court, Debtor shall turn over to the Trustee all tax refunds in addition to regular Plan payments, beginning with the tax year <u>2023.</u> Debtor shall not instruct the Internal Revenue Service or other taxing agency to apply a refund to the following year's tax liability. **Debtor shall spend no tax refunds without first having obtained the Trustee's written consent or court approval.**

4. The Plan violates 11 U.S.C. §1325(a)(4) because it does not pay unsecured creditors the value of what they would receive in a case under Chapter 7.

     a. The Trustee hereby requests/has requested the following additional documents pursuant to the District-wide Administrative Order Prescribing Procedures for Chapter 13 Cases, to determine if the Debtor has met the best interests of creditors test:

     income tax return for 2023
     certified valuation of 1972 Chevy

**5.** The Debtor must provide a completed DSO information sheet to the Trustee's office within ten (10) days or the Trustee may ask for an immediate dismissal.

**6.** The Debtor must provide proof that they are current on DSO obligations prior to the final confirmation hearing.

/s/ Michael E. Cecil
Michael E. Cecil, Esquire
Florida Bar No. 722855
Staff Attorney for Chapter 13 Trustee
P.O. Box 25001
Bradenton, Florida 34206-5001
Phone: (941) 747-4644
Fax: (941) 750-9266

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Trustee's Unfavorable Recommendation and Objections to Confirmation of the Plan has been furnished electronically by CM/ECF services and/or by U.S. Mail to **Leisa Maureen Sahagian**, Debtor, PO Box 111313, Naples, Florida 34108, and **Ryan J. Really, Esquire**, Attorney for Debtor, 1575 Pine Ridge Road, Suite 10, Naples, Florida 34109 and the **U.S. Trustee,** 501 East Polk Street, Suite 1200, Tampa, Florida 33602 on this 16th day of February 2024.

/s/ Michael E. Cecil
Michael E. Cecil, Esquire

JMW/MEC/br